UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
┌─────────────────────────────────────┐
│ JOHN FLYNN, et al.                  │
│                                     │
│              Plaintiffs,            │
│                                     │
│         v.                          │   Civil Action
│                                     │   No. 02-2336
│ PULASKI CONSTRUCTION COMPANY, et    │
│ al.                                 │
│                                     │
│              Defendants.            │
│                                     │
└─────────────────────────────────────┘
```

## MEMORANDUM OPINION AND JUDGMENT

Plaintiffs move for entry of judgment, in the amount of $160,574.38, against all defendants. For the following reasons, the court grants Plaintiffs' motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a fiduciary action on behalf of a pension fund, commenced November 25, 2002, to collect delinquent contributions under the provisions of Section 515 of the Employee Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.[1] The clerk of the court entered default against all defendants on May 8, 2003.

---

[1] All references to the U.S.C. are to the 2000 edition.

In response to the Defendants' motion to vacate the May 8, 2003 default, the court, on January 6, 2006, vacated the default with regard to two defendants, Central Jersey Excavating Co., LLC and Richard A. Pulaski Construction Co., Inc., both of whom alleged potentially meritorious defenses.  At the same time, the court ordered the parties to confer and file a scheduling order.  When no such order was filed, the court, on April 24, 2006, ordered the two defendants receiving relief, within ten days of the date of the order, to retain counsel and answer the complaint or face re-entry of the May 8, 2003 default.  When no appearance or answer was filed, the court, on May 17, 2006, re-entered default as to all parties.

On June 23, 2006, Defendants Central Jersey Excavating Co., LLC and Richard A. Pulaski Construction Co., Inc., moved to vacate the re-entered default.  Finding that the Defendants failed to plead or establish "good cause" as required by Fed. R. Civ. P. 55(c), the court, on August 28, 2006, denied their motion.

On October 6, 2006, with supporting affidavits and exhibits, Plaintiffs, in accordance with Fed. R. Civ. P. 55(b)(2), moved for judgment. Plaintiff seeks judgment in the amount of the unpaid pension and benefit contributions plus interest thereon, the cost of the audit that revealed the delinquent contributions, return of delinquent dues check-off plus interest thereon, liquidated damages and attorneys' fees and costs of this action.

On December 12, 2006, the court conducted a hearing on

Plaintiffs' motion to provide the Defendants with an opportunity to contest the amount of damages claimed in Plaintiffs' motion and supported by Plaintiffs' affidavits and exhibits. See Flynn v. Masonry, 233 F.R.D. 176, 177 (D.D.C. 2005)("A default judgment establishes the defaulting party's liability for the well-pleaded allegations of the complaint.")(citing Adkins v. Teseo, 189 F. Supp. 2d 15, 17 (D.D.C. 2001).  A hearing was appropriate because a default judgment by itself does not automatically establish liability in the amount claimed by the plaintiff. Flynn v. Masonry, 233 F.R.D. at 177 (internal citation omitted);  see also Flynn v. Angelucci Bros. & Sons, Inc., 448 F. Supp. 2d 193 (D.D.C. 2006); Flynn v. Mastro Masonry Contrs., 237 F. Supp. 2d 66 (D.D.C. 2002).

### DISCUSSION

The statute mandates most of the relief that Plaintiffs request.  ERISA, under section 29 U.S.C. § 1132(g), specifically provides that:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court

>     deems appropriate.
>
>     For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

This action meets the requirements of 29 U.S.C. § 1145, i.e., it is an action by a fiduciary on behalf of a plan to enforce Defendants' obligation to make contributions. Therefore, the award of unpaid contributions (including both pension contributions and contributions to the trust that provides apprenticeship training to plan members), interest, liquidated damages, and reasonable attorneys' fees and costs is mandatory. 29 U.S.C. §§ 1104, 1109, 1132(a)(3). Moreover, in this circuit, the court awards market rate attorneys' fees, where, as here, counsel provides a public-spirited discount to the ERISA plan. Bd. of Trs., Hotel & Restaurant Employees Local 25 v. JPR, Inc., 136 F. 3d 794, 800-806 (D.C. Cir. 1998).

In addition, here the plan collection procedures specifically provide for the payment of the cost of the audit which identifies delinquent contributions. Because section 1145 requires employers to make contributions in accordance with the terms and conditions of the plan, and permits the fiduciaries to bring suit to enforce the terms of the plan, the inclusion of these audit fees, specifically required by the terms of the plan collection procedures, is appropriate. Id. at 798; 29 U.S.C. §§ 1132(a)(3),

1132(g), 1145; see also Bituminous Coal Operators' Ass'n, Inc. v. Connors, 867 F. 2d 625, 633 (D.C. Cir. 1989) (ERISA "entitles pension funds to rely upon, and to enforce, the written terms of collective bargaining agreements insofar as they relate to pension contributions . . . .").

Finally, Plaintiffs seek to collect delinquent dues check-off payments in the amount of $6334.57 and interest thereon in the amount of $6017.64. This is a claim under § 301 of the National Labor Relations Act, 29 U.S.C. § 185. Pursuant to plan collection procedures, this claim was assigned to plaintiff pension fund from the Bricklayers and Allied Craftworkers' Union ("BAC").

Defendants offer no material challenge to the adequacy of the pleading or to the amount of this claim. In addition, this court's judgments in similar proceedings have granted interest on delinquent dues check-off. See Flynn v. Angelucci, 448 F. Supp. 2d 193; Flynn v. Masonry, 233 F.R.D. 176.

Accordingly, judgment will be entered in the amount of $160,574.38, comprising of:

| | |
|---|---|
| unpaid contributions | $34,523.30 |
| interest | $32,871.14 |
| additional interest per 29 U.S.C. § 1132(g)(2)(c)(i) | $32,871.14 |
| unpaid dues check-off and interest thereon | $12,352.21 |
| audit costs | $22,166.32 |
| costs | $    376.27 |

```
attorneys' fees                    $25,414.00
Total                             $160,574.38
```

SO ORDERED.

/s/ Donald C. Pogue
Donald C. Pogue
Judge[2]

Dated:  December 19, 2006
        New York, New York

---

[2]The Honorable Donald C. Pogue, Judge for the United States Court of International Trade, sitting by designation.